UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JANNIE M. HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>Defendant. | Case No.  12-cv-03845-NJV<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

## I.  BACKGROUND

Jannie M. Harris ("Plaintiff") seeks judicial review of an administrative law judge ("ALJ") decision.  The September 24, 2010 decision denied Plaintiff's applications for Social Security disability insurance benefits and Supplemental Security Income ("SSI") benefits.  (Doc. No. 1.) The Acting Commissioner of Social Security, Carolyn W. Colvin ("the Commissioner"), is the Defendant in this action.  The ALJ's decision became the Commissioner's final decision after the Appeals Council denied Plaintiff's request for review on May 23, 2012.  (Doc. No. 20 at 2.) Pursuant to the Social Security Act, this Court has subject matter jurisdiction over a final decision by the Commissioner of Social Security.  42 U.S.C. §§ 405(g), 1383(c); *see Bass v. Social Security Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).  The Court's review of the Commissioner's decision is therefore appropriate.

The parties have consented to proceeding before a magistrate judge.  (Docs. No. 12 & 13.) Before the Court are Plaintiff's motion for summary judgment and the Commissioner's cross-

1  motion for summary judgment. (Docs. No. 20 & 27.)[1] For the reasons discussed herein, the Court

2  denies Plaintiff's motion for summary judgment and grants the Commissioner's cross-motion for

3  summary judgment.

## II. PROCEDURAL HISTORY

In December 2005, Plaintiff filed applications for Social Security disability and SSI benefits. (Administrative Record ("AR") 133-134, 135-136.) The applications were denied initially and also on reconsideration. (AR 91-94, 103-107.) ALJ Robert P. Wenten first heard the matter on September 28, 2007. (AR 21-24.) The ALJ denied Plaintiff's applications for disability benefits on December 26, 2007. (AR 13-20.) When the Appeals Council denied review of the ALJ's decision, the ALJ's decision became the "final decision of the Commissioner of Social Security." (AR 4-6.) Plaintiff appealed to the district court. (AR 353.) In her motion for summary judgment, Plaintiff contended that (1) the ALJ failed to develop the record in violation of his duty; (2) the ALJ failed to credit Plaintiff's testimony regarding her pain and functional limitations; and (3) the ALJ failed to properly assess Plaintiff's residual functional capacity ("RFC") and, as a result, failed to include all of her limitations in the hypotheticals posed to the vocational expert ("VE") who found Plaintiff capable of performing her past work. (AR 353-354.) Defendant filed a cross-motion for summary judgment. (AR 354.)

On June 4, 2009, the district court granted in part Plaintiff's motion for summary judgment and remanded the case to the ALJ for further findings. (AR 368.) The district court found that Plaintiff had neither identified any error nor identified any need for the ALJ to further develop the record, and granted Defendant's motion for summary judgment on that ground. The court agreed that the ALJ had not adequately explained his reasons for finding Plaintiff's pain and limitations testimony was not credible, and granted Plaintiff's motion for summary judgment on that ground. Finally, the court denied both parties' motions for summary judgment as to the alleged error in the RFC, without prejudice pending further findings regarding Plaintiff's credibility. (AR 368.)

A second hearing was held on August 25, 2010 before ALJ Wenten. (AR 296.) ALJ

---

[1] Plaintiff did not submit any supplemental briefing.

2

1 Wenten issued a decision denying Plaintiff's claim for disability benefits on September 24, 2010.
2 (AR 279-288.) The Appeals Council again declined review on May 23, 2012, leaving the ALJ's
3 decision as the "final decision of the Commissioner of Social Security." (Not in record.[2]) Plaintiff
4 once more appeals the Commissioner's decision to this Court.

Plaintiff now moves for summary judgment. She argues that: (1) the ALJ failed to credit the opinion of Plaintiff's treating physician without a legitimate basis for doing so; (2) the ALJ failed to credit Plaintiff's testimony regarding her pain and functional limitations as required by law; and (3) the ALJ failed to credit the testimony of the VE in response to the hypothetical questions which reflected Plaintiff's assessed limitations. (Doc. No. 20 at 4.)

In her cross-motion for summary judgment and in opposition to Plaintiff's motion for summary judgment, Defendant argues that: (1) the ALJ properly considered the opinion of the treating physician; (2) the ALJ provided sufficient reasons for not fully crediting all of Plaintiff's statements; and (3) the ALJ properly relied on the VE's testimony. (Doc. No. 27.)

### III. LEGAL STANDARD

A district court has a limited scope of review of an ALJ's decision denying Social Security disability benefits and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of HHS*, 44 F.3d 1453, 1457 (9th Cir. 1995). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). If

---

[2] *See* Doc. No. 20 at 2 n.1.

the evidence can support either outcome, the Court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). The ALJ is responsible for determining credibility and resolving conflicts in medical testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-1042 (9th Cir. 2008).

## IV. DISABILITY EVALUATION STANDARD

The ALJ found Plaintiff not disabled under the five-step sequential evaluation required by the Social Security Administration. *See* AR 288 (applying 20 C.F.R. § 404.1520(a) and § 416.920(a)).

At step one, the ALJ did not find any evidence that the Plaintiff has engaged in any substantial gainful activity since the onset date of her alleged disability. (AR 281.)

At step two, the ALJ determined that Plaintiff suffers from a severe impairment in the form of a combination of hypertension, Hepatitis C, back pain of unclear etiology possibly with radiculopathy, and possible vascular disease in her lower extremities. (AR 281.)

At step three, the ALJ did not find that Plaintiff has an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (AR 281.)

The ALJ found that Plaintiff has the RFC to perform sedentary work so long as she is able to alternate between sitting and standing occasionally. (AR 282.)

At step four, the ALJ found that the Plaintiff has the RFC to perform past relevant work as a customer service supervisor. In making this determination, the ALJ relied on the opinion the VE offered during the September 2007 hearing. (AR 287.) The VE testified that an individual with the same RFC would be able to perform both of Plaintiff's past relevant jobs of telemarketer and customer service supervisor. However, the VE further testified that the number of telemarketer jobs had diminished in recent years and telemarketer jobs available to the Plaintiff would be further reduced by about forty percent to accommodate Plaintiff's need to alternate between sitting and standing. The VE also testified that the number of customer service supervisor jobs available might also be reduced by about forty percent for the same reasons. (AR 287.) The ALJ found that

Plaintiff failed to prove that she is unable to perform past relevant work. (AR 287.) Because the ALJ found that Plaintiff has the RFC to perform her past work, the ALJ found that Plaintiff was not disabled without proceeding to the last step of the analysis.

## V. DISCUSSION

### A. The ALJ gave specific and legitimate reasons for only affording some weight to the opinion of Plaintiff's treating physician.

Plaintiff first argues that the ALJ relied in error on the opinion of Dr. Morse instead of on the opinion of Dr. Alison Harken, Plaintiff's treating physician. The ALJ did not reject the opinion of Dr. Harken, but afforded it only "some" weight, while assigning the most weight to the opinion of Dr. Morse, the medical expert. (AR 286.)

Under the Treating Physician Rule, the opinion of a treating physician will be granted more weight than the opinions of other physicians. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (finding that because "treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians"). Here, Dr. Harken opined that Plaintiff suffered from peripheral vascular disease and could only sit for thirty minutes and stand for 15 minutes. (AR 286.) Dr. Harken's opinions as to Plaintiff's diagnosis of arterial blockage and consequential functional limitations, however, were contradicted by several objective medical tests. (AR 284.) Dr. Morse noted the Doppler examination from August 2009 showed palpable pulses, a Doppler flow of normal velocity, and no gross obstruction in Plaintiff's peripheral vascular system. Dr. Morse also pointed to an exam of Plaintiff from October 2007 which showed no velocity increases, no significant obstructions, and suggested a normal study. (AR 284.) Dr. Dang, a consultative examiner, examined Plaintiff and found that Plaintiff was able to sit comfortably during the exam, had a normal gait, and was able to get on and off the examination table without difficulty. Dr. Dang assessed that Plaintiff could sit and/or stand for six hours at a time with no postural limitations. (AR 285.) Dr. Dang's report, further negative straight leg raising tests, and chart notes of intact bilateral pedal pulses are consistent with Dr. Morse's opinion and not with the extreme limitations set by Dr. Harken. (AR 285-286.) A second consultative examiner, Dr. Rana,

1 also noted a negative straight leg raising test. (AR 286.) Dr. Rana found that Plaintiff's exam did
2 not suggest any muscle wasting or tender points and assessed Plaintiff as limited to light work
3 with occasional postural activity. (AR 286.)

If an ALJ rejects the contradicted opinion of the treating physician, the ALJ must have specific and legitimate reasons for doing so based on substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ gave specific and legitimate reasons for assigning only some weight to Dr. Harken's contradicted opinion.

First, the ALJ found that Dr. Harken's opinion as to Plaintiff's functional limitations was internally inconsistent and contradictory. Dr. Harken completed a RFC questionnaire on August 11, 2010. She opined that Plaintiff can sit for thirty minutes and stand for fifteen minutes total in an eight-hour workday. However, she also stated that Plaintiff needs to walk around every thirty minutes for as long as she can, alternate between sitting and standing, and take unscheduled fifteen minute breaks every hour. (AR 286.)[3]

Second, the ALJ did not find that the medical evidence in the record supported the extreme limitations identified by Dr. Harken. (AR 286.) As noted above, Drs. Morse, Dang, and Rana all found that Plaintiff was only minimally limited in her physical activity, could sit or stand for six hours at time, and had negative straight leg raising tests. Moreover, an ALJ may reject a treating physician's opinion when the opinion is inadequately supported by clinical findings. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Here, Dr. Harken's opinion of Plaintiff's disability was actually contradicted by several clinical findings including a Doppler exam and several straight leg raising tests. (AR 284-286.) Plaintiff argues that a medical report by Dr.

---

[3] Plaintiff argues that the ALJ failed to fully and fairly develop the record. (Doc. No. 20. at 17). Plaintiff made this argument in her prior appeal to the district court. At that time, the court found that Plaintiff's argument failed because the "ALJ did not believe the evidence was too insufficient or too ambiguous to determine that Plaintiff was not disabled but could return to the sedentary work she had previously performed, and it is the ALJ's interpretation of the evidence that controls." (AR 363.) Plaintiff now tries to recharacterize the same argument, contending that the ALJ failed to fully and fairly develop the record when he did not recontact Dr. Harken about the inconsistencies in her opinion on Plaintiff's functional limitations. (Doc. No. 20 at 17.) For the same reasons articulated by the district court in 2009, this court finds that the ALJ did not have a duty to supplement the record where he found no missing evidence or any ambiguity he could not resolve based on his evaluation of the evidence. (AR 362.)

Bertelsen, an examining doctor, reflects that Plaintiff is unable to perform any work. However, Dr. Bertelsen's report also indicates that she was unclear as to Plaintiff's limitations as she was "just becoming acquainted with [the] patient." (AR 259.) Although the ALJ must consider all medical opinion evidence, the ALJ was not bound by Dr. Bertelsen's opinion in determining a Plaintiff's disability. *See Tommasetti*, 533 F.3d at 1041 (holding that the "ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence"); *see also* HALLEX II-4-1-2[4] ("[I]f there are any inconsistencies in the evidence… we weigh all of the evidence to determine what findings are best supported.")

Third, the ALJ found that Dr. Harken's opinion did not appear to relate to the entire period at issue and indicated expected improvement in Plaintiff's symptoms. Dr. Harken stated on the questionnaire that she had been following Plaintiff for two years and that Plaintiff might improve. This suggested to the ALJ that the extreme limitations listed by Dr. Harken were not expected to persist for a period of twelve months as is required to receive disability benefits. (AR 286.)

Finally, the ALJ also noted that he gave the most weight to Dr. Morse's opinion based on Dr. Morse having reviewed the entire record, including the objective clinical tests. (AR 286.) Because Dr. Morse's opinion rests on these objective clinical tests, the ALJ properly viewed his opinion as substantial evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (when a non-treating physician's opinion rests on objective clinical tests, that opinion must be viewed as substantial evidence).

Despite Plaintiff's arguments that the ALJ should have given the most weight to the opinion of Dr. Harken, the ALJ gave specific and legitimate reasons for relying more on the opinion of Dr. Morse. Moreover, the ALJ did not completely reject Dr. Harken's opinion and used Dr. Harken's opinion to determine Plaintiff's limitations to sedentary work. (AR 286.) The ALJ properly credited the medical opinion in the record in determining Plaintiff's RFC.

---

[4] HALLEX is the Social Security Administration's Hearings, Appeals, and Litigation Manual. Although HALLEX is purely an "internal guidance tool" and has no force of law, it is "entitled to respect." *Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008).

**B. The ALJ provided specific, clear, and convincing reasons for not fully crediting all of Plaintiff's statements.**

Plaintiff also claims the ALJ failed to credit her statements as to her pain and functional limitations, a claim she also argued in her prior appeal to the district court. In 2009, the district court remanded the case to the ALJ on this ground, finding that the ALJ had not provided sufficient reasons for discrediting Plaintiff's testimony regarding her pain and functional limitations. (AR 365.) An ALJ must apply a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-1036 (9th Cir. 2007). The ALJ must first determine whether a claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the kinds of pain and symptoms alleged. If so, and if there is no evidence of malingering, the ALJ can reject a claimant's testimony only by offering a specific, clear, and convincing reason for doing so. *Id.* at 1036.

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the ALJ found Plaintiff's statements concerning the intensity and limiting effects of her symptoms were not credible to the extent that Plaintiff's testimony was inconsistent with her assessed RFC. (AR 283.) The ALJ considered Plaintiff's allegations in light of certain credibility factors including Plaintiff's daily activities, the type of medications Plaintiff uses to manage her pain, the dosage effectiveness of Plaintiff's medications, the frequency and intensity of Plaintiff's symptoms, and any treatment Plaintiff uses other than medication. (AR 287.) The ALJ noted that Plaintiff was still able to do household chores, go shopping, run errands, and walk to her mother's house with the use of a cane. Plaintiff also testified at the hearing that her pain is relieved within thirty minutes with rest or medication such as Tylenol, ibuprofen, or Vicodin. (AR 283.)

The ALJ offered additional reasons for questioning Plaintiff's credibility: (1) Plaintiff's failure to disclose her "then-current cocaine use" to the consultative examiner; (2) Plaintiff's inconsistent compliance with her medications; and (3) Plaintiff's lack of medical evidence to corroborate her allegations of leg pain. (AR 287.) Plaintiff argues that these are not legitimate reasons to discredit her testimony, but none of her arguments have merit. Plaintiff argues that her

8

cocaine use does not constitute a reason to discredit her testimony, but the ALJ properly addressed Plaintiff's history of alcohol and drug use in assessing her credibility. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (finding that lack of candor about drug and alcohol use may be used to discredit a claimant's description of pain when claimant has not been a reliable "historian" concerning her drug and alcohol use); *Smolen*, 80 F.3d at 1284 (finding that ordinary techniques of credibility evaluation include factors like the less than candid testimony by the claimant). Plaintiff also argues that her inconsistent compliance with her medications is also not reason enough to discount her testimony. (Doc. No. 20 at 23.) However, the Ninth Circuit in *Smolen* noted that unexplained or inadequately explained failure to follow a prescribed treatment may be considered in analyzing a claimant's credibility. 80 F.3d at 1284. Plaintiff finally argues that her leg pain is corroborated by medical evidence in the opinion of Dr. Harken. (Doc. No. 20 at 23.) However, the ALJ reasonably relied on the opinion of Dr. Morse in finding that Plaintiff had not presented evidence consistent with her allegations of leg pain. (AR 287.) Although Dr. Harken mentioned Plaintiff's leg pain and possible reasons for that pain, Dr. Harken's opinion was not corroborated by any of the objective medical tests presented in the record. (AR 286; *see supra* at 6-7.)

The ALJ thus provided clear and convincing reasons for discrediting Plaintiff's testimony as to her pain and functional limitations.

**C. The ALJ properly relied on the vocational expert's testimony from 2007.**

In his 2010 decision, the ALJ relied on the testimony of the VE from the 2007 hearing. (AR 287.) Plaintiff argues that the ALJ should have instead relied on the testimony of the VE from the 2010 hearing. (Doc. No. 20 at 24.)

Plaintiff made a similar argument in her prior appeal to the district court. (AR 367.) Then, Plaintiff argued that the ALJ did not properly assess her RFC because the ALJ failed to include all of Plaintiff's limitations in the hypothetical posed to the VE. The district court noted that RFC is not a medical finding, but an administrative determination left to the ALJ. (AR 367.) The prior district court decision denied both parties' summary judgment motions on this issue pending additional findings regarding Plaintiff's credibility, as further findings might impact Plaintiff's RFC. However, the district court found that the ALJ did as he was directed and assessed

Plaintiff's RFC based on his evaluation of the record as a whole. (AR 367-368.)

Today, Plaintiff argues that the ALJ improperly relied on the testimony of the VE from the first hearing instead of the testimony of the VE from the second hearing. Plaintiff argues that the ALJ should have relied on the testimony of the VE from the second hearing because the second VE was presented with hypotheticals consistent with Plaintiff's limitations as assessed by Plaintiff and Dr. Harken. (Doc. No. 20 at 25.)

In light of this Court's decision regarding the weight given to Dr. Harken's medical opinion and the credibility of Plaintiff's testimony, this Court finds that the ALJ's reliance on the testimony of the VE from the first hearing was not an error. In 2007, the VE testified using hypotheticals based on Plaintiff's limitations of sedentary work except that she must alternate between sitting and standing occasionally. (AR 77.) In 2010, the VE testified using hypotheticals that included limitations of Plaintiff elevating her feet above her heart and taking unscheduled fifteen minute breaks every hour. (AR 340-346.) The ALJ, in 2010, found that Plaintiff's RFC allows her to perform sedentary work except that she must be able to alternate between sitting and standing occasionally. (AR 282.) Accordingly, the VE's 2007 testimony more accurately reflects Plaintiff's limitations as found in the ALJ's 2010 decision.

## VI. CONCLUSION

The Court finds the ALJ's findings were supported by substantial evidence when he denied Plaintiff's applications for Social Security disability and SSI benefits. The Court also finds that the ALJ did not misapply the law. Therefore, the Court denies Plaintiff's motion for summary judgment and grants the Commissioner's cross-motion for summary judgment.

The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: July 16, 2013

NANDOR J. VADAS
United States Magistrate Judge